## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

SHELLY GUTHRIE,

      Plaintiff,

vs.                                                            CV: 2:07-cv-00821-DSC-RCM

LEONARD M. BAKER, individually and in his            Judge David S. Cercone
official capacity, CONSOLIDATED DELIVERY
AND WAREHOUSING, LIKEN STAFFING                Magistrate Judge Robert C. Mitchell
SERVICES, FED EX SMARTPOST, INC, and
FED EX GROUND PACKAGE SYSTEM,                    JURY TRIAL DEMANDED
INC.

      Defendants.

## AMENDED COMPLAINT IN CIVIL ACTION

AND NOW, comes the plaintiff, Shelly Guthrie, by and through her undersigned counsel and files this Complaint for violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq* as amended, the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*., and supplemental claims against the defendants, Leonard M. Baker (herein after "Lenny Baker"), both individually and in his official capacity, Consolidated Delivery and Warehousing (hereinafter "Consolidated Delivery"), Liken Staffing Services (hereinafter "Liken"), and Fed Ex Smart Post Inc, Fed Ex Ground Packaging System, Inc (herein commonly known as "Fed Ex").

## NATURE OF ACTION

1.      This is a proceeding to remedy discrimination seeking declaratory and injunctive relief and for damages against defendants, Lenny Baker, Consolidated Delivery, Liken, and Fed Ex, to redress the deprivation of rights secured to the plaintiff by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* and as

amended, the Pennsylvania Human Relations Action, as amended, 43 P.S. § 951, *et. seq.* and supplemental claims including assault, battery, and intentional infliction of emotional distress. Plaintiff, Shelly Guthrie, seeks a declaratory judgment and injunctive relief to restrain defendants Lenny Baker, Consolidated Delivery, Liken, and Fed Ex, from maintaining practices, policies, customs, and usages, which discriminate against plaintiff because of her gender, hostile work environment, and/or in retaliation for filing complaints of sexual harassment.

2.      This is an action to recovery any available damage for legal and equitable remedies under Title VII, PHRA, civil assault and battery and intentional infliction of emotion distress.

## JURISDICTION and VENUE

3.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 (4), Title VII and principles of pendent jurisdiction pursuant to 29 U.S.C. §1367. Jurisdiction to grant injunctive and declaratory equitable relief as well as damages is invoked pursuant to 42 U.S.C. § 2000e-5(f) and (g).

4.      The plaintiff, Shelly Guthrie, has exhausted the administrative remedies as evidenced by the Equal Employment Opportunity Commission's Dismissals, Notices of Right to Sue issued on March 16, 2007, and the Pennsylvania Human Relations Commission Letter dated June 19, 2007.

5.      Venue lies within this judicial district, since all of the actions complained of herein occurred within the Western District of Pennsylvania.

## PARTIES

6.     Plaintiff Shelly Guthrie is an adult female who was employed by Liken, Fed Ex, Consolidated Delivery and Warehousing, Inc., and Lenny Baker as warehouse laborer and driver. Plaintiff resides at 406 Reno Street, Rochester, PA 15074. At all relevant times, plaintiff was an employee and/or contractor of all defendants, who at all times retained the right to control to the manner and means by which the work was accomplished.

7.     Defendant Leonard M. Baker is an adult male who resides at 132 Srader Road, Freeport, PA 16229, and who, at all times was the owner and president of Consolidated Delivery and Warehousing.

8.      Defendant Consolidated Delivery and Warehousing, Inc operates within the Western District of Pennsylvania at 132 Srader Road, Freeport, PA 16229 and at all relevant time employs four or more individuals in the commonwealth who work as employees and/or contractors. Defendant at all times controlled the manner and means by which the delivery work was accomplished, provided the truck, insurance, and fuel by advancing $310 to plaintiff, then deducting $100 for fuel, $60 for leasing the truck, $20 for insurance, and $30 for mileage.

9.     Defendant Liken Staffing Services is in the business of specializing in the recruitment of personnel for the general business community the defendant operates within the Western District of Pennsylvania at Stone Point Landing, 500 Market Street, Bridgewater, PA  15009 and at all relevant times employs more than fifteen employees.

10.     Defendant Fed Ex Smart Post Inc is in the business of managing efficient, value-
        oriented, and timely ways to ship high volumes of low-weight packages to
        residential customers maintains a corporate headquarters at 16555 West Rogers
        Drive New Berlin, WI 53151 and operates within the Western District of
        Pennsylvania at 601 Brickswork Drive, Leetsdale, PA 15056 and at all relevant
        times employs more than fifteen employees.

11.     Defendant Fed Ex Ground Packaging System, Inc is in the business of providing
        cost-effective, small-package shipping, and maintains a corporate headquarters in
        Pittsburgh, PA and operates within the Western District of Pennsylvania at 601
        Brickswork Drive, Leetsdale, PA 15056 and at all relevant times employs more
        than fifteen employees.

12.     Defendant, Leonard Baker, is an employer and a person within the meaning of the
        PHRA.

13.     Defendant, Consolidated Delivery and Warehousing, Inc, is an employer and a
        person within the meaning of the PHRA and at all relevant time employs four or
        more individuals within the commonwealth who work as employees and/or
        contractors including but not limited to Jacqueline Johnson, Evette Drummond,
        Michael Wislie, Charles Hamer, Brian Bookwalter, Eric Murray, and Shelly
        Guthrie.

14.     Defendant, Liken Staffing Services, is an employer within the meaning of Title
        VII and PHRA.

15.     Defendant, Fed Ex Smart Post Inc, is an employer within the meaning of Title VII

and PHRA.

16.     Defendant, Fed Ex Ground Packaging System, Inc, is an employer within the meaning of Title VII and PHRA.

## STATEMENT OF CLAIMS

17.     On or about June 1, 2006 the plaintiff was hired by defendant Liken to work at defendant Fed Ex's location in Leetsdale Industrial Park.

18.     Defendant Lenny Baker, a contractor of defendant Fed Ex, had office space in defendant Fed Ex's Leetsdale location.

19.     The Plaintiff's typical shift was from 12:00 a.m. to 5:00 a.m. and due to the size, layout, and the number of employee who worked the shift, the plaintiff often worked alone.

20.     Defendant Mr. Baker approached the plaintiff during her first week of employment at defendant Fed Ex's Leetsdale facility, and offered her a position as a truck driver with his company, defendant Consolidated Delivery. Mr. Baker offered the plaintiff $550.00 per week.

21.     Plaintiff told Mr. Baker that she would drive for him, while maintaining her position at Fed Ex. Plaintiff would work her shift at Fed Ex, and then drive the route established by Mr. Baker at Consolidated Delivery.

22.     Before accepting the job with Mr. Baker, the plaintiff had contact with him and his drivers, as she had been responsible for loading trucks.

23.     On or about June 27, 2006 the plaintiff got a Department of Transportation physical, because defendant Lenny Baker informed her that he needed her as soon

24.     On or about the last week of June 2006, Mr. Baker informed the plaintiff that she would be required to accompany him on a business trip to Geneva on the Lake, OH, and this would require an overnight stay.

25.     The plaintiff informed Mr. Baker that she would be unable to come with him due to her familial obligations. He told the plaintiff that he would pay her $ 250.00 to accompany him and that he would take her shopping once they arrived at our destination.

26.     After she declined again, he was persistent, and then commented that he made these types of trips often and that the plaintiff would have to come with him in the future.

27.     On or about July 5, 2006, Mr. Baker and the plaintiff left in one of his trucks so that he could show the plaintiff the route that she would be driving.

28.     Once the plaintiff and Mr. Baker left the Fed Ex Leetsdale facility, they stopped to get fuel. When Mr. Baker re-entered the truck, he moved closer to the plaintiff, who was driving the truck.

29.     Mr. Baker began to say inappropriate things to the plaintiff, stating that he "gets what he wants and he pays for what he wants." Mr. Baker proceeded to tell the plaintiff that he liked her body and that she was "a good looking girl," he mentioned that he had noticed the plaintiff when she came to work at FedEx Smart Post.

30.     Mr. Baker kept grabbing the plaintiff's hand and would not stop, despite the

plaintiff requests.

31.    During the time when plaintiff was an employee of FedEx and/or Liken, Mr. Baker brushed his arms across the plaintiff's body and touched her unnecessarily.

32.    On or about July 6, 2006, the plaintiff informed one of her co-workers at FedEx about what had happened on the previous night.

33.    That day, Mr. Baker and the plaintiff again set out so Mr. Baker could show the plaintiff her route.

34.    While driving the route, Mr. Baker told the plaintiff that she could make a lot of money working for him.

35.    Mr. Baker also said that if the plaintiff did what he wanted, and that if she was a "good girl" that he would "take good care of [her]." Mr. Baker also told the plaintiff that he would "pay," implying that he would pay the plaintiff to have sex with him.

36.    The plaintiff told Mr. Baker to stop with his comments and conduct toward her.

37.    Mr. Baker then commented to the plaintiff that if he hadn't thought that the plaintiff was pretty then he would not have asked her to work for him.

38.    Mr. Baker then told the plaintiff that he "thought the world of her" and that every time he was around her that he got a 'boner.'

39.    Mr. Baker then put his hand on the plaintiff's upper thigh with pressure. The plaintiff told Mr. Baker to stop, and that she had already told him before that she did not appreciate his advances.

7

40.     Mr. Baker continued to put his arm around the seat, brushing his arm across the plaintiff's breasts.

41.     The plaintiff then stopped the truck on the side of the road, and told Mr. Baker to stop touching her.

42.     Mr. Baker moved to the other side of the truck cab.

43.     However, on the next stop, as the plaintiff was unloading freight, Mr. Baker asked her what color underwear she was wearing.

44.     When the plaintiff and Mr. Baker returned to the truck, Mr. Baker began to plead with the plaintiff, and assured her that he would not touch her, but told her that he would "take good care of her."

45.     Mr. Baker then tried to kiss the plaintiff. When the plaintiff turned her face away, Mr. Baker grabbed the plaintiff's vagina through her clothes.

46.     The plaintiff told Mr. Baker to leave her alone and to stop his advances. She also told him that she was married and did not think that he was treating her appropriately.

47.     Mr. Baker told the plaintiff that he did not care if she was married, and that anything that were to happen between the two of them would "stay here" and would be "no one else's business"

48.     The plaintiff told Mr. Baker that the only thing that she wanted to do for him was drive the truck.

49.     Mr. Baker told the plaintiff that if that if he was aware of that before, he would not have hired the plaintiff.

50.     After the plaintiff told Mr. Baker that she was not interested in anything besides working for Consolidated Delivery. Mr. Baker began to scrutinize the plaintiff, asking her if she had locked the doors when she left the truck and whether she asked the recipient of the packages to sign for the deliveries.

51.     Shortly after nitpicking her work, Mr. Baker began to tell the plaintiff dirty jokes. He told the plaintiff that she looked 'stressed out' and began to rub her neck and shoulders.

52.     The plaintiff asked Mr. Baker to stop touching her, and told him that she could not drive while he was touching her like that. Instead of stopping, Mr. Baker moved closer to the plaintiff, and told her that she would have to "get used to driving like this."

53.     Mr. Baker told the plaintiff that he was happy that he had found her and would miss her when he went to New York for business the next week.

54.     At the next delivery stop, Mr. Baker got out to help the plaintiff make her delivery. When the plaintiff was entering the truck, Mr. Baker pushed her into the truck and smacked her buttocks.

55.     When Mr. Baker re-entered the truck with the plaintiff, he told her that he imagined her in red panties and a red skirt. The plaintiff told Mr. Baker to stop saying these things.

56.     Mr. Baker then told the plaintiff to pull the truck over because he could hear rattling in the glove box. After Mr. Baker checked the glove box, he grabbed the plaintiff's arm and tried to grope her. The plaintiff pulled away, and Mr. Baker

ran his hand up the plaintiff's leg and grabbed her vagina through her clothes.

57.     The plaintiff pushed his hand away from her vagina and told him that he was upsetting her. The plaintiff told Mr. Baker to stop touching her, and told him that no one treats her that way. Mr. Baker told the plaintiff that she would have to get used to him.

58.     When the plaintiff and Mr. Baker returned to the FedEx location at Leetsdale, Mr. Baker told the plaintiff that he would be coming with her on her route the following week.

59.     On or about July 10, 2006 the plaintiff returned to work at the Fed Ex location at Leetsdale, and confided in one of her co-workers what had happened to her during her trip with Mr. Baker.

60.     The co-worker told the plaintiff that Mr. Baker had said on or about July 7, 2006 that the plaintiff was doing a good job.

61.     On or about July 11, 2006, the plaintiff confided in another of her co-workers, who told the plaintiff that Mr. Baker had been watching her work. Sometimes, when the plaintiff was not there, Mr. Baker would inquire about the plaintiff, asking for "his little blond."

62.     On or about July 11, 2006, the plaintiff reported Mr. Baker to Fed Ex Supervisor Linda.

63.     Linda told the plaintiff that she would have to contact Gene, who is the manager of the Fed Ex Leetsdale location.

64.     On or about July 12, 2006 the plaintiff received a call from Kerri Chappell at

Liken, who asked the plaintiff to provide a written statement.

65. The plaintiff was informed that Liken Staffing could not "solve her problem" nor help her out in anyway. The plaintiff was informed that if she wanted to continue to work at Fed Ex she would have to work the same shift.

66. On or about July 11, 2006, the plaintiff began to receive phone calls from Mr. Baker. The plaintiff refused to take his calls, which were on both the plaintiff's mobile and her house phone. On one occasion, when the plaintiff's husband answered the phone, Mr. Baker informed him that Mr. Baker was the plaintiff's employer and that he needed to speak with the plaintiff.

67. On or about July 12, 2006, Mr. Baker continued to call the plaintiff, and wanted to know if the plaintiff was going to come to work. The plaintiff's husband informed Mr. Baker that she would no longer work for him. Mr. Baker then replied that he no longer wanted the plaintiff to work for him anyway.

68. On or about July 14, 2006 the plaintiff received a call from her FedEx supervisor, Sean, who wanted a narrative of the plaintiff's story. Sean did not offer the plaintiff a different position or shift.

69. Liken to the best of plaintiff's knowledge never investigated this matter or reached any findings other than informing plaintiff that Mr. Baker has testicular cancer.

70. Mr. Baker works out of the Fed Ex Leetsdale location where he has office space.

71. The contract that the plaintiff signed with Consolidated Delivery and Warehousing did not constitute to an independent contracting position because

her pay was reduced for using Consolidated Delivery and Warehousing, Inc.'s truck, fuel, insurance and mileage. Lenny Baker controlled the manner and terms of services, provided the source of materials, ie. truck, maintained discretion over where and when to perform the work, and method of payment.

72.     As evidence of the hostile work environment of gender discrimination, plaintiff alleges the following examples:

a.      Use of derogatory language and actions against females by her supervisor and/or within the knowledge of supervisors,

b.      Failure to educate and enforce gender equality and the labor workforce through an effective anti-harassment and gender equality program,

c.      Failure to protect plaintiff against a known harasser,

d.      Failure to remove harasser from workspace,

e.      Failure to ensure the safety of the plaintiff.

f.      Failure to conduct an investigation to correct and prevent harassment in the workplace.

## COUNT I (HOSTILE WORK ENVIRONMENT UNDER TITLE VII and PHRA)

73.    Plaintiff, Shelly Guthrie repeats and realleges each and every allegation in paragraphs numbered "1" through " 72" of this complaint with the same force and effect as if fully set forth herein.

74.    Based upon the number of employees, defendants, Liken and FedEx, are subject to Title VII; and all defendants are subject to the PHRA under this count.

75.    The allegations of a hostile work environment described above are severe or pervasive representing harassment based upon gender and sexual harassment as follows:

      a.   plaintiff is a member of protected class-female;

      b.   she was subjected to unwelcome sexual harassment in words and actions;

      c.   the harassment was based upon sex and/or retaliation;

      d.   the harassment affected a terms and condition of employment;

      e.   the employer knew or should have known of the harassment and failed to take corrective or remedial action.

76.    All defendants failed to properly investigate the complaints and failed to correct and prevent harassment in the workplace.

77.    The allegations described in paragraphs "1" through "77" above represent part of a pattern and practice of sexual harassment by the defendants creating a hostile work environment and constitutes a violation of Title VII and PHRA.

## COUNT II (SEX/GENDER DISCRIMINATION UNDER TITLE VII AND PHRA)

78.     The plaintiff, Shelly Guthrie repeats and realleges each and every allegation in paragraphs numbered "1" through "77" of this complaint with the same force and effect as if fully set forth herein.

79.     By the acts above, the defendants, Liken, and Fed Ex, have violated Title VII by discriminating against the plaintiff, Shelly Guthrie because of her gender in the terms, conditions and privileges of her employment including her constructive discharge from their collective employment on or about July 12, 2004.

80.     By the acts above, the defendants, Lenny Baker, Consolidated Delivery, Liken, and Fed Ex, have violated the PHRA by discriminating against the plaintiff, Shelly Guthrie because of her gender in the terms, conditions and privileges of her employment including her constructive discharge from their collective employment on or about July 12, 2004.

81.     The defendants', Lenny Baker, Consolidated Delivery, Liken, and Fed Ex, acts were with malice and reckless disregard for plaintiff's federally protected civil rights.

82.     The plaintiff, Shelly Guthrie has and will continue to suffer irreparable injury and monetary damages as a result of the defendant's, Lenny Baker, Consolidated Delivery, Liken, and Fed Ex, discriminatory practices unless and until this Court grants relief.

83.     The plaintiff constructively discharged herself and filed gender discrimination charges on or about September 13, 2006, which resulted in a Right to Sue letter

14

from the Equal Employment Opportunity Commission dated March 16, 2007 and a Notice of Rights from the Pennsylvania Human Relations Commission dated June 19, 2007.

## <u>COUNT III (RETALIATION UNDER TITLE VII and PHRA)</u>

84.   Plaintiff, Shelly Guthrie repeats and realleges each and every allegation in paragraphs numbered "1" through "83" of this complaint with the same force and effect as if fully set forth herein.

85.   Based upon the number of employees, defendants, Liken and FedEx, are subject to Title VII; and all defendants are subject to the PHRA under this count.

86.   By the acts above, the defendants, Lenny Baker, Consolidated Delivery, Liken, and Fed Ex, have violated Title VII of the Civil Rights Act and/or the PHRA, by retaliating against the plaintiff, Shelly Guthrie following her complaints of discrimination and sexual harassment causing her constructive discharge on or about July 12, 2006.

87.   That plaintiff had previously complained to Lenny Baker about his words and conduct toward her as unwelcome and offensive asking him to stop; defendant Baker continued with his unwelcome harassing conduct, failed to pay her, and attempted to fire her in retaliation for her complaints of discrimination and harassment.

88.   That on or about July 11, 2006 the plaintiff, Shelly Guthrie, filed an internal complaint of discrimination alleging sexual harassment with defendant Fed Ex and defendant Liken.

89. That defendants FedEx and Liken failed to offer plaintiff other available work in different locations or shifts in retaliation for her complaints of discrimination and hostile work environment.

90. The defendants, Lenny Baker, Consolidated Delivery, Liken, Fed Ex, and On-Time Delivery, acts were with malice and reckless disregard for plaintiff's federally protected civil rights.

91. The plaintiff, Shelly Guthrie has and will continue to suffer irreparable injury and monetary damages as a result of the defendant, Lenny Baker, Consolidated Delivery, Liken, and Fed Ex, discriminatory practices unless and until this Court grants relief.

92. As a direct result of defendant's discriminatory practices in violation of Title VII and section 5(a) of the PHRA, 43 P.S. § 951, and in retaliation for complaining of such treatment, plaintiff has suffered lost wages and other economic benefits of her employment with defendants and suffered emotional distress.

**COUNT IV**
**(CIVIL ASSAULT and BATTERY- LENNY BAKER AND CONSOLIDATED DELIVERY**

93. Paragraphs "1" through "92" above are incorporated by reference herein as if the same were fully set forth.

94. Defendant Lenny Baker touched the plaintiff in an offensive, non-privileged and unwanted manner.

95. Defendant Lenny Baker had the intention of inflicting a harmful or offensive contact upon the plaintiff.

96.   That defendant Lenny Baker's actions caused the plaintiff's reasonable apprehension of an imminent battery.

97.   That defendant Lenny Baker had a present ability and opportunity to inflict battery.

98.   Defendant Lenny Baker was working in his official capacity as President and Owner of Consolidated Delivery at the time of the assault and battery on the Plaintiff.

WHEREFORE, plaintiff claims damages from defendants, Lenny Baker, and Consolidated Delivery, as a result of the civil assault and battery.

## COUNT V
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS-LENNY BAKER AND CONSOLIDATED DELIVERY

99.   Plaintiff incorporates by reference paragraphs "1" through "98" of her Complaint as if set forth herein at length.

100.   Defendants Lenny Baker and Consolidated Delivery intended to cause or knew or should have known that the actions taken would result in serious emotional distress to plaintiff;

101.   That defendants' conduct was so extreme and outrageous as to go beyond the bounds of decency and intolerable in a civilized community;

102.   That defendants' actions were the proximate cause of plaintiff's emotional injury.

103.   The mental anguish suffered by plaintiff is serious and of a nature that no reasonable person could be expected to endure it as extreme and outrageous conduct, conduct that is intentional or reckless, and conduct which has caused severe emotional distress.

## **PRAYER FOR RELIEF (ALL COUNTS)**

104.    WHEREFORE, plaintiffs respectfully request that this Court:

    a.    Enter a judgment declaring that the acts and practices of the defendants, Lenny Baker, Consolidated Delivery, Liken, and Fed Ex, are in violation of the laws of the United States and/or the State of Pennsylvania.

    b.    To order the defendants, Lenny Baker, Consolidated Delivery, Liken, and Fed Ex, to reinstate plaintiff to her positions she held prior to her discriminatory and retaliatory constructive discharge pursuant to Title VII of the Civil Rights Act, and/or Pennsylvania Human Relations Act;

    c.    To award plaintiff all of her pay and fringe benefits she lost as a result of the defendants', Lenny Baker, Consolidated Delivery, Liken, and Fed Ex, unlawful discrimination; To award compensatory and punitive damages under all applicable laws to make plaintiff whole and based upon the defendants' Lenny Baker, Consolidated Delivery, Liken, and Fed Ex, conduct that was malicious or undertaken with reckless disregard for her civil rights;

    d.    To award the plaintiff, Shelly Guthrie such other and further relief including equitable and injunctive relief as this Court deems just and proper including to back pay, reinstatement, front pay, and to permanently enjoin the defendants, Lenny Baker, Consolidated Delivery, Liken, and Fed Ex, their officers, successors and assigns and all persons in active

concert or participation with them from engaging in any employment actions or practices that discriminate on the basis of gender, and retaliation;

e.      order the defendants, Lenny Baker, Consolidated Delivery, Liken, and Fed Ex, to pay the costs and reasonable attorney's fees incurred by the plaintiff, Shelly Guthrie, and

f.      grant such other relief as the Court deems necessary and proper including all varieties of legal and equitable remedies under the applicable laws.

A JURY TRIAL IS DEMANDED

Respectfully submitted,

ROBERT PEIRCE AND ASSOCIATES, P.C.

\_\_\_\_/s/Gregory G. Paul_____

GREGORY G. PAUL, ESQUIRE
Attorney for Plaintiff
PA ID No.: 83334
2500 Gulf Tower
Pittsburgh, PA 15219
(412) 391-2835
(412)281-4229 (Facsimile)
gpaul@peircelaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Amended Complaint has been filed with this Court and served by electronic filing and first class mail on counsel for Defendants:

> Mr. Joseph Cafaro, Jr., Esq.
> Copper, Owen & Renner, P.C.
> 1600 Benedum-Trees Building
> 223 Fourth Avenue
> Pittsburgh, PA 15222
> Counsel for Liken Staffing Services
>
> Ms. Shelly Pagac
> 1000 FedEx Drive
> Moon Twp., PA 15108
> Counsel for FedEx Smart Post and Fed Ground
>
> Mr. Alexander Lindsay
> The Lindsay Lawfirm, P.C.
> 128 South Main Street
> Butler, PA 16001
> Counsel for Leonard Baker and Consolidated Delivery

This 22nd day of August, 2007.

> By: /s/ Gregory G. Paul
> GREGORY G. PAUL, ESQUIRE