## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHELLY GUTHRIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2007-CV-00821 |
| | ) | |
| LEONARD M. BAKER, individually and | ) | Judge David S. Cercone |
| in his official capacity, CONSOLIDATED | ) | |
| DELIVERY AND WAREHOUSING, | ) | Magistrate Judge Robert C. Mitchell |
| LIKEN STAFFING SERVICES, | ) | |
| FED EX SMARTPOST, INC., and | ) | |
| FED EX GROUND PACKAGE | ) | **JURY TRIAL DEMANDED** |
| SYSTEM, INC., | ) | |
| | ) | **ELECTRONICALLY FILED** |
| Defendants | ) | |

## ANSWER TO AMENDED COMPLAINT IN CIVIL ACTION

AND NOW, comes the Defendant, Liken Staffing Services, by and through their attorneys, Cooper Owen & Renner, P.C., and files the following Answer to Amended Complaint in Civil Action.

1.    The averments contained in paragraph 1 of Plaintiff's Amended Complaint contain legal conclusions to which no response is deemed necessary.

2.    The averments contained in paragraph 2 of Plaintiff's Amended Complaint contain legal conclusions to which no response is required.

3.    The averments contained in paragraph 3 of Plaintiff's Amended Complaint contain legal conclusions to which no response is required.

4.    The averments contained in paragraph 4 of Plaintiff's Amended Complaint are admitted in part and denied in part. It is admitted that Plaintiff has exhausted her EEOC administrative remedy. It is specifically denied that Plaintiff

exhausted her PHRC administrative remedy, as she filed the instant action within one (1) year of the administrative claim.

5.     The averments contained in paragraph 5 of Plaintiff's Amended Complaint are admitted.

6.     The averments contained in paragraph 6 of Plaintiff's Amended Complaint are admitted in part and denied in part. It is admitted that Shelly Guthrie is an adult female employed at the time by Liken Staffing Services. By way of further answer, Liken Staffing Services was engaged by another staffing service to place workers at the FedEx Smartpost facility in Leetsdale, Pennsylvania, and as such, it is denied that Plaintiff was employed by Fed Ex. As to the remaining averments, after reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of Plaintiff's employment status with Consolidated Delivery and Warehousing, Inc. and Lenny Baker, therefore the same are denied. By way of further answer, Plaintiff's employment with Consolidated and Baker are wholly unrelated to her employment with Liken Staffing Services.

7.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 7 of Plaintiff's Amended Complaint, therefore the same are denied.

8.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 8 of Plaintiff's Amended Complaint, therefore the same are denied.

9.     The averments contained in paragraph 9 of Plaintiff's Amended Complaint are admitted.

10.     The averments contained in paragraph 10 of Plaintiff's Amended Complaint are admitted in part and denied in part.  It is admitted that the Fed Ex Smartpost is in the business of shipping packages as described.  As to the remaining averments, after reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of Defendant Fed Ex's corporate headquarters, therefore the same are denied with strict proof thereof demanded at the time of trial.

11.     The averments contained in paragraph 11 of Plaintiff's Amended Complaint are admitted in part and denied in part.  It is admitted that Fed Ex Ground Packaging System, Inc. is in the small package shipping business.  After reasonable investigation, Defendant does not have sufficient information to form a belief as to the truth or falsity of the averments, therefore the same are denied with strict proof thereof demanded at the time of trial.

12.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 12 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial.

13.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 13 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial.

14.     The averments contained in paragraph 14 of Plaintiff's Amended Complaint contain legal conclusions to which no response is required.  To the extent the

averments of paragraph 14 of Plaintiff's Amended Complaint could be deemed to be averments of fact, they are denied.

15.     The averments contained in paragraph 15 of Plaintiff's Amended Complaint contain legal conclusions to which no response is required. To the extent the averments of paragraph 15 of Plaintiff's Amended Complaint could be deemed to be averments of fact, they are denied.

16.     The averments contained in paragraph 16 of Plaintiff's Amended Complaint contain legal conclusions to which no response is required. To the extent the averments of paragraph 16 of Plaintiff's Amended Complaint could be deemed to be averments of fact, they are denied.

17.     The averments contained in paragraph 17 of Plaintiff's Amended Complaint are admitted.

18.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 18 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial.

19.     The averments contained in paragraph 19 of Plaintiff's Amended Complaint are admitted in part and denied in part.  It is admitted that Plaintiff's typical shift was from 12:00 a.m. to 5:00 a.m. As to the remaining averments, after reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments, therefore the same are denied with strict proof thereof demanded at the time of trial.

4

20.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 20 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial.

21.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 21 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial.

22.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 22 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial.

23.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 23 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial.

24.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 24 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial.

25.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 25 of

Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial.

26.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 26 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial.

27.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 27 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial.

28.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 28 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial.

29.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 29 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial.

30.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 30 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial.

31. The averments contained in paragraph 31 of Plaintiff's Amended Complaint are specifically denied. It is specifically denied that Plaintiff's allegations occurred during her employment with Liken Staffing Services at the Smartpost Fed Ex facility. To the contrary, and as alleged in paragraphs 27 through 30 of Plaintiff's Amended Complaint, and paragraphs 33 through 58, all of Plaintiff's averments occurred away from the facility in which she was required to report pursuant to her employment with Liken Staffing Services. Moreover, none of the described events occurred during the working hours of her employment with Liken Staffing Services.

32. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averment that Plaintiff informed a co-worker on or about July 6, 2006, of the alleged incident the night before, therefore the same are denied with strict proof thereof demanded at the time of trial.

33. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 33 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial.

34– 58. The averments contained in paragraphs 34 through 58 of Plaintiff's Amended Complaint are allegations of conduct of another party to this action. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments, therefore the same are denied with strict proof thereof demanded at the time of trial. In further answering, none of the activities alleged by Plaintiff to have occurred on July 6, 2006, happened during the course of Plaintiff's employment with Liken Staffing Services at the Fed Ex Smartpost location. Moreover it

7

is specifically denied that Plaintiff's return to the Fed Ex location during of the course of her employment with Leonard M. Baker or Consolidated Delivery & Warehousing, in any way relate to her duties of employment with Liken Staffing Services.

59.     The averments contained in paragraph 59 of Plaintiff's Amended Complaint are admitted in part and denied in part. It is admitted that Plaintiff was employed by Liken Staffing Services on July 10, 2006, at the Fed Ex location at Leetsdale. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of her conversations with a co-worker, therefore the same are denied with strict proof thereof demanded at the time of trial.

60.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 60 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial.

61.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 61 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial.

62.     Upon information and belief, the averments in paragraph 62 of Plaintiff's Amended Complaint are admitted.

63.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 63 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial. By way of further answer, and clarification, it is believed

8

and therefore averred that Linda contacted Gene, the Manager at the Fed Ex Leetsdale location.

64.     The averments contained in paragraph 64 of Plaintiff's Amended Complaint are admitted.

65.     The averments contained in paragraph 65 of Plaintiff's Amended Complaint are denied. It is denied that Liken Staffing Services informed Plaintiff that it could not "solve her problem nor help her out in any way." To the contrary, Plaintiff was advised that she could work the same shift, and that Fed Ex was willing to accommodate her to work a different shift.

66.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 66 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial. By way of further answer, Plaintiff reported to Defendant Liken Staffing Services that she had been contacted by Leonard Baker at home.

67.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 67 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial.

68.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 68 of Plaintiff's Amended Complaint, therefore the same are denied with strict proof thereof demanded at the time of trial. By way of further answer, Plaintiff was notified of Fed Ex's offer to accommodate her on another shift by Keri Chappell of Liken Staffing

Services on July 12, 2006. It was during this conversation that Plaintiff committed to returning to Fed Ex for her shift later that day, which she later failed to appear. Defendant Liken Staffing Services followed up on July 13, 2006, to inquire about Plaintiff's failure to appear and Plaintiff responded that she wasn't comfortable going back to Fed Ex.

69.     The averments contained in paragraph 69 of Plaintiff's Amended Complaint are denied. It is denied that Liken never investigated this matter. To the contrary, Defendant Liken was made aware of Plaintiff's allegations by Fed Ex and obtained Plaintiff's report of the alleged incidents. The following day, Plaintiff quit her employment with Liken Staffing Services. It is further denied that Defendant Liken reported to Plaintiff that Mr. Baker has testicular cancer.

70.     The averments contained in paragraph 70 of Plaintiff's Amended Complaint are denied.

71.     The averments contained in paragraph 71 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent that averments of paragraph 71 of Plaintiff's Amended Complaint could be deemed to be averments of fact, they are denied.

72.     To the extent the averments contained in paragraph 72 of Plaintiff's Amended Complaint imply a hostile work environment of gender discrimination at the Fed Ex Smartpost facility, or Liken Staffing Services, the same are denied.

        a.      It is specifically denied that derogatory language and actions against any female by a supervisor occurred, nor was it alleged.

10

b.     It is denied that Defendant failed to educate or enforce gender equality and anti-harassment.

c.     It is denied that Defendant failed to protect Plaintiff against a known harasser, nor has Plaintiff alleged any fact to support this allegation.

d.     It is denied that Defendant failed to remove an alleged harasser from the work space, nor is any allegation of harassment at the work space made by Plaintiff.

e.     It is denied that Defendant failed to ensure Plaintiff's safety.

f.     It is denied that Liken Staffing Services failed to conduct an investigation to correct and prevent harassment in the workplace. To the contrary, Liken investigated the matter alleged by Plaintiff, and found no harassment in the workplace. Nevertheless, Liken offered an accommodation to Plaintiff.

By way of further answer, the averments of paragraph 72 of Plaintiff's Amended Complaint appear to be allegations against Defendants Baker and Consolidated Delivery & Warehousing pursuant to Plaintiff's employment therewith, and completely unrelated to her employment with Defendant Liken Staffing Services at the Fed Ex Smartpost facility.

73     The Defendant, Liken Staffing Services, incorporates its Answers in paragraphs 1 through 72 as though set forth fully herein.

74.     The averments contained in paragraph 74 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent that the averments of paragraph 74 of Plaintiff's Amended Complaint could be deemed to be averments of fact, they are denied.

75.     The averments contained in paragraph 75 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent that the averments of paragraph 75 of Plaintiff's Amended Complaint could be deemed to be averments of fact, they are denied

76.     The averments contained in paragraph 76 of Plaintiff's Amended Complaint are allegations to all Defendants.  As for Liken Staffing Services, the averments of paragraph 76 of Plaintiff's Amended Complaint are denied.   To the contrary, Liken investigated Plaintiff's complaint, and that Plaintiff did not report any harassment in the workplace. Moreover, Liken conveyed Fed Ex's offer to accommodate her on another shift.  As to the remaining averments against other Defendants, after reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained therein, therefore the same are denied.

77.     The averments contained in paragraph 77 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent that the averments in paragraph 77 of Plaintiff's Amended Complaint could be deemed to be averments of fact, they are denied.

78.     The Defendant Liken Staffing Services incorporates its Answer in paragraphs 1 through 77 as though set forth fully herein.

79.     The averments contained in paragraph 79 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent that the averments of paragraph 79 of Plaintiff's Amended Complaint could be deemed to be averments of fact, they are denied.

80.    The averments contained in paragraph 80 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent that the averments of paragraph 80 of Plaintiff's Amended Complaint could be deemed to be averments of fact, they are denied.

81.    The averments contained in paragraph 81 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent that the averments of paragraph 81 of Plaintiff's Amended Complaint could be deemed to be averments of fact, they are denied.

82.    The averments contained in paragraph 82 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent that the averments of paragraph 82 of Plaintiff's Amended Complaint could be deemed to be averments of fact, they are denied.

83.    It is admitted that Plaintiff received a dismissal and notice of rights from the EEOC dated March 16, 2007. The remaining averments of paragraph 83 of Plaintiff's Amended Complaint contain conclusions of law to which no response is required. To the extent that the averments of paragraph 83 of Plaintiff's Amended Complaint could be deemed to be averments of fact, they are denied.

84.    Defendant, Liken Staffing Services, incorporates by reference paragraphs 1 through 83 of this Answer as though set forth fully herein.

85.    The averments contained in paragraph 85 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent that the averments of paragraph 85 of Plaintiff's Amended Complaint could be deemed to be averments of fact, they are denied.

86.     The averments contained in paragraph 86 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent that the averments of paragraph 86 of Plaintiff's Amended Complaint could be deemed to be averments of fact, they are denied.

87.     After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in paragraph 87 of Plaintiff's Amended Complaint, therefore the same are denied.

88.     The averments contained in paragraph 88 of Plaintiff's Amended Complaint are admitted in part and denied in part. It is admitted that Plaintiff submitted a written statement alleging sexual harassment from Leonard Baker pursuant to her employment with Consolidated Delivery on July 12, 2006. It is denied that Plaintiff filed an internal written complaint with Fed Ex. Rather, Liken Staffing Services later provided the Plaintiff's written statement to Fed Ex.

89.     The averments contained in paragraph 89 of Plaintiff's Amended Complaint are denied. To the contrary, Liken conveyed to Plaintiff Fed Ex's offer to give her a position on another shift. Moreover, Plaintiff was advised that Leonard Baker was on vacation the day of July 12, 2006, to which Plaintiff committed to appearing that day, and failed to  meet this commitment. After reasonable investigation, Defendant is without sufficient information to form a belief as to the truth or falsity as to whether Fed Ex had any direct conversations with Plaintiff to accommodate her on another shift.

90.     The averments contained in paragraph 90 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent that the

averments of paragraph 90 of Plaintiff's Amended Complaint could be deemed to be averments of fact, they are denied.

91      The averments contained in paragraph 91 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent that the averments of paragraph 91 of Plaintiff's Amended Complaint could be deemed to be averments of fact, they are denied.

92.     The averments contained in paragraph 92 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent that the averments of paragraph 92 of Plaintiff's Amended Complaint could be deemed to be averments of fact, they are denied.

93.     Defendant, Liken Staffing Services, incorporates by reference paragraphs 1 through 92 of this Answer as though set forth fully herein.

94 – 98.   The averments of paragraphs 94 through 98 of Plaintiff's Amended Complaint are against a party other than Defendant Liken Staffing Services, therefore no response is required.

99.     Defendant, Liken Staffing Services, incorporates by reference paragraphs 1 through 98 of this Answer as though set forth fully herein.

100 – 103.   The averments of paragraphs 100 through 103 of Plaintiff's Amended Complaint are directed to a Defendant other than Liken Staffing Services, therefore no response is required.

WHEREFORE, Defendant, Liken Staffing Services, requests this Honorable Court to dismiss the Plaintiff's Amended Complaint and award it all costs of suit and attorney's fees.

15

### First Affirmation Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over Plaintiff's Amended Complaint.

### Third Affirmative Defense

The voluntary termination of Plaintiff from her employment was based upon factors other than sex or retaliation for allegedly complaining about the allegedly sexual hostile work environment.

### Fourth Affirmative Defense

Plaintiff has failed and refused to mitigate damages.

### Fifth Affirmative Defense

Plaintiff's Amended Complaint fails to state a claim upon back pay, front pay, loss of fringe benefits, attorney's fees and costs, declaratory or injunction relief can be awarded.

### Sixth Affirmative Defense

Plaintiff has failed to state a claim upon which relief for compensatory and punitive damages may be granted.

### Seventh Affirmative Defense

Plaintiff has failed to state a claim upon which the relief of damages for pain and suffering, emotional distress, embarrassment, humiliation, illness and emotional injury can be granted.

### Eighth Affirmative Defense

Plaintiff has failed to state a claim upon which the relief of damages in the form of equitable relief for front pay reinstatement or other injunctive relief can be granted.

### Ninth Affirmative Defense

Plaintiff is precluded from seeking relief because she never informed Defendant of any action that would constitute the alleged sexual harassment to which she alleged she was subjected.

### Tenth Affirmative Defense

Plaintiff failed to exhaust her administrative remedies under the Pennsylvania Human Relations Act ("PHRA").

## Reservation of Defenses

Defendant reserves the right to amend its Answer to insert additional Affirmative Defenses based upon the information obtained during the pre-trial discovery in this action.

WHEREFORE, in fully answering Plaintiff's Amended Complaint, Defendant requests this Honorable Court to enter judgment in its favor dismissing Plaintiff's Amended Complaint with prejudice, awarding to Defendant its costs incurred herein and reasonable attorney's fees, and granting Defendant all other relief to which it may be entitled.

COOPER OWEN & RENNER, P.C.

Dated:  September 6, 2007

By: s/Joseph Cafaro, Jr.
Joseph Cafaro, Jr., Esquire
Counsel for Defendant Liken
Staffing Services
PA I.D. #73719

COOPER OWEN & RENNER, P.C.
Firm #233

1600 Benedum-Trees Building
223 Fourth Avenue
Pittsburgh, PA 15222-1713
(412) 281-9696
jcafaro@corlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2007, a copy of the foregoing ANSWER TO PLAINTIFF'S AMENDED COMPLAINT was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

/s/ Joseph Cafaro, Jr.
Joseph Cafaro, Jr., Esquire
PA ID# 73719
Cooper Owen & Renner, P.C.
1600 Benedum-Trees Building
223 Fourth Avenue
Pittsburgh, PA 15222
(412) 281-9696
Facsimile (412) 281-9680
jcafaro@corlaw.com

Counsel for Defendant
Liken Staffing Services